UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PNC BANK, NATIONAL
ASSOCIATION,

        **Plaintiff,**

v.                                                                Case No:  6:18-cv-118-Orl-37DCI

DEBORA K. BAUMANN and JAMES E.
BAUMANN,

        **Defendants.**

---

**REPORT AND RECOMMENDATION**

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PNC BANK, NATIONAL ASSOCIATION'S MOTION FOR ENTRY OF FINAL JUDGMENT OF ATTORNEYS' FEES (Doc. 17)** |
| **FILED:** | May 3, 2019 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

On January 24, 2018, Third-Party Defendant Jonathan Michael, proceeding *pro se*, removed this action to federal court. Doc. 1. Plaintiff subsequently filed a motion to remand. Doc. 5. The Court granted Plaintiff's motion in part, finding that removal of this action was "wholly improper" and granting Plaintiff leave to file documents in support of Plaintiff's claim for attorney fees. Doc. 6. On March 19, 2019, Plaintiff filed an affidavit of attorneys' fees and costs in which Plaintiff's counsel averred that Plaintiff incurred $5,927.50 in attorney fees as a result of

Mr. Michael's improper removal. Doc. 12. Plaintiff attached its counsel's billing records to the affidavit.

On May 3, 3019, Plaintiff filed a motion for attorney fees against Mr. Michael. Doc. 17 (the Motion). Plaintiff argues that an award of attorney fees is appropriate pursuant to 28 U.S.C. § 1447(c) because Mr. Michael lacked an objectively reasonable basis for seeking removal. Doc. 17 (citing *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 F. App'x 888, 890 (11th Cir. 2011) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.") (citation and internal quotations omitted)). To date, Mr. Michael has not responded to the Motion, and the time for doing so has passed.

The Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion. *See* Local Rule 3.01(b) ("Each party opposing a motion . . . **shall** file within fourteen (14) days after service of the motion . . . a response that includes a memorandum of legal authority in opposition to the request . . . .") (emphasis added). Thus, the undersigned finds that the Motion is due to be granted as unopposed.

In addition, given that Mr. Michael's removal was "wholly improper" and that Mr. Michael failed to respond to the Motion with any objectively reasonable basis for why he sought to remove this action, the undersigned finds that Plaintiff is entitled to an award of attorney fees pursuant to 28 U.S.C. § 1447(c). Further, the undersigned has reviewed the affidavit and documents Plaintiff provided in support of its request for attorney fees and finds that an award of $5,927.50 in attorney fees is reasonable and appropriate in this case.

Accordingly, it is respectfully **RECOMMENDED** that the Motion (Doc. 17) be **GRANTED** and that Plaintiff be awarded $5,927.50 in attorney fees against Third-Party Defendant Jonathan Michael.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 29, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties
Courtroom Deputy