UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PNC BANK, NATIONAL
ASSOCIATION,

    Plaintiff,

v.                                                                                                   Case No. 6:18-cv-118-Orl-37DCI

DEBORA K. BAUMANN; and JAMES
E. BAUMANN,

    Defendants.
_____

JAMES E. BAUMANN,

    Third Party Plaintiff,

v.

JONATHAN MICHAEL,

    Third Party Defendant.
_____

## ORDER

In the instant action, *pro se* Third Party Defendant Jonathan Michael ("**Michael**") removed the case here, invoking federal question jurisdiction. (Doc. 1.) Plaintiff PNC Bank, National Association ("**PNC**") moved to remand on the basis that a third party defendant may not remove actions under 28 U.S.C. § 1441(a). (Doc. 5.) Finding remand appropriate, the Court granted in part PNC's motion to remand and gave PNC leave to file documents in support of its request for attorney fees. (Doc. 6.) PNC then moved for attorney fees under 28 U.S.C. § 1447(c), arguing Michael lacked an objectively reasonable

-1-

basis for seeking removal. (Doc. 17 ("**Motion**").) Michael didn't respond.

On referral, U.S. Magistrate Judge Daniel C. Irick recommends granting the Motion—not just because it's unopposed but because Michael's removal was "wholly improper." (Doc. 18 ("**R&R**").) Michael then objected to the R&R on two grounds: (1) his Objection is timely, so he has responded; and (2) his third-party removal was proper, and he mistakenly referenced the wrong subsection. (Doc. 19 ("**Objection**").) PNC countered that: (1) Michael failed to respond to the Motion at issue; rather, he objected to an earlier motion for attorneys' fees and costs; and (2) the Court has already determined that removal was "wholly improper." (Doc. 20.)

On *de novo* review, the Court overrules Michael's Objection.[1] The Court will not re-litigate the issue of remand, and the record establishes that Michael's removal was "wholly improper." (Doc. 6, p. 1.) This means Michael "lacked an objectively reasonable basis for seeking removal," and PNC's request for attorney's fees may be granted. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). The Court agrees with Magistrate Judge Irick that PNC's award request is reasonable and appropriate in this case. (Doc. 18, p. 2.) Thus, the Court will adopt the R&R and overrule the Objection.

### IV. Conclusion

---

[1] When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Third Party Defendant Jonathan Michael's Objection to Magistrate Judge's Report and Recommendation (Doc. 19) is **OVERRULED**.

2. U.S. Magistrate Judge Daniel C. Irick's Report and Recommendation (Doc. 18) is **ADOPTED, CONFIRMED,** and made a part of this Order.

3. Plaintiff PNC Bank, National Association's Motion for Entry of Final Judgment of Attorneys' Fees (Doc. 17) is **GRANTED**:

    a. Plaintiff is **AWARDED** $5,927.50 in attorney fees against Third Party Defendant Jonathan Michael.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 27, 2019.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record
*Pro se* party